UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GABRIEL ADAM ROYALL,

Plaintiff,

v.

THE SHERWIN-WILLIAMS COMPANY, and DOES 1 through 10, inclusive,

Defendants.

Case No.: 3:26-cv-3573-RSH-DEB

**ORDER GRANTING DEFENDANT'S GRANTING MOTION TO DISMISS**

[ECF No. 4]

Pending before the Court is a motion to dismiss filed by defendant The Sherwin-Williams Co. ECF No. 4. As set forth below, the Court grants the motion.

## I. BACKGROUND

On April 27, 2026, plaintiff Gabriel Adam Royall filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 1-3 at 5–9. The Complaint asserted claims for intentional and negligent infliction of emotions distress against Defendant, based on a lunch meeting that Plaintiff attended with a representative of Defendant, during which the representative told Plaintiff a story about carbon monoxide poisoning, which story caused Plaintiff emotional distress. The Complaint requested damages in the amount of $299,000. *Id.* at 9.

On May 20, 2026, Plaintiff filed his Amended Complaint, the operative pleading, in the state lawsuit. ECF No. 4-3 at 5–12. The Amended Complaint was based on the same underlying factual allegations, but added claims for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, and removed his demand for a specific amount of damages.

On June 16, 2026, Defendant removed the action to this Court, invoking removal jurisdiction based on diversity of citizenship. ECF No. 1 (notice of removal). At the time of removal, Defendant had not yet been served with the Amended Complaint. *See* ECF No. 1 at 2; ECF No. 1-2 ¶ 2.

On June 26, 2026, Defendant moved to dismiss the Amended Complaint. ECF No. 4. Plaintiff has not opposed the motion. *See* Docket.

This case is Plaintiff's ninth lawsuit against Defendant that has been assigned to the undersigned. *See* Case Nos. 25-cv-1994, 25-cv-2257, 25-cv-2232, 25-cv-2379, 25-cv-2455, 26-cv-56, 26-cv-355, 26-cv-631.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978

F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III. DISCUSSION

Defendant contends that this lawsuit is barred by res judicata because Plaintiff's first complaint, Case No. 25-cv-1994, was based on the same underlying facts but was dismissed as time-barred.. Defendant further argues that one of Plaintiff's subsequent complaints, Case No. 25-cv-2379, was likewise based on the same carbon monoxide conversation, and was dismissed based on res judicata. *See* Case No. 25-cv-2379-RSH-DEB, Dkt. No. 8 (order of dismissal dated Oct. 3, 2025). Defendant asserts that this case should be dismissed for the same reason. Plaintiff opposed the motion to dismiss based on res judicata in Case No. 25-cv-2379, and unsuccessfully moved for reconsideration, but has not opposed the motion to dismiss in the instant case.

The Court agrees with Defendant. The reasons stated in the Court's October 3, 2025 order in Case No. 25-cv-2379 apply equally to Plaintiff's operative pleading in the instant case. Despite differences in wording between the operative pleadings in the two earlier cases and in this one, and although he has apparently changed the date of the alleged conversation, the cases involve the same primary right, pertaining to the harm that Plaintiff

alleged suffered from the conversation in which he was told the carbon monoxide story. The Parties are the same in this case as in both prior cases. The requirements of res judicata are satisfied. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

The Court further determines that the Amended Complaint fails to plead non-conclusory facts that plausibly establish the elements of any of his causes of action.

The Amended Complaint is therefore subject to dismissal. In light of the basis for dismissal, as well as Plaintiff's repetitive and meritless lawsuits, his failure to oppose the motion to dismiss, and his failure to seek leave to amend, the Court determines that leave to amend would be futile here.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 4] is **GRANTED**. The Complaint is **DISMISSED** without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 31, 2026

Hon. Robert S. Huie
United States District Judge